UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| LUCIANO CAMBEROS-VILLAPUDA, <br><br> Movant, <br><br> vs. <br><br> UNITED STATES OF AMERICA, <br><br> Respondent. | 4:17-CV-04161-KES <br><br><br> ORDER ADOPTING REPORT AND RECOMMENDATION AND DISMISSING MOTION |

Movant, Luciano Camberos-Villapuda, filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. Docket 1.[1] The government now moves to dismiss the petition for failure to state a claim. Docket 8. The matter was referred to United States Magistrate Judge Veronica L. Duffy under 28 U.S.C. § 636(b)(1)(B) and this court's October 16, 2014 standing order. Magistrate Judge Duffy recommends that Camberos-Villapuda's motion be dismissed. Docket 15. Because Camberos-Villapuda did not timely file his objections, the court issued an order that adopted the report and recommendation, granted the motion to dismiss, and entered judgment in favor of the United States. Dockets 19, 20. After the court entered its judgment, Camberos-Villapuda filed his objections to the report and recommendation. Docket 21. The court will now consider these objections.

---

[1] Within this opinion the court cites to documents in Camberos-Villapuda's civil habeas case by simply citing the court's docket number for that document. The court will cite to "Cr." when citing to documents filed in Camberos-Villapuda's criminal case found at 4:13-40104-01-KES.

## FACTUAL BACKGROUND

A full factual background was provided by the magistrate judge in her report and recommendation. Docket 15. Therefore, this court will only give a simple explanation and points to the magistrate judge's report and recommendation for the full background.

A jury found Camberos-Villapuda guilty of conspiracy to distribute methamphetamine. *See United States v. Camberos-Villapuda*, Cr. 13-40104-01-KES, Docket 80. The district court sentenced him to a life imprisonment. Cr. Docket 112. Camberos-Villapuda appealed, and the Eighth Circuit Court of Appeals affirmed his conviction. *See United States v. Camberos-Villapuda*, 832 F.3d 948 (8th Cir. 2016). Michael Butler represented Camberos-Villapuda during the motion to suppress hearing but withdrew after the hearing. Cr. Dockets 16, 29, 35. Cesar Juarez represented Camberos-Villapuda at trial, sentencing, and during his appeal. Cr. Dockets 48, 72, 111, 117.

On November 20, 2017, Camberos-Villapuda filed a *pro se* motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. Docket 1. First, Camberos-Villapuda alleged that his trial counsel was ineffective in failing to preserve a record of jury selection strikes and for-cause challenges, and Camberos-Villapuda demonstrated that he had a legitimate expectation of privacy in the searched location. *Id.* at 4. Second, Camberos-Villapuda alleged that the district court erred in denying his motion to suppress the physical evidence. *Id.* Third, Camberos-Villapuda alleged that the district court committed plain error when it relied on the facts recited in the Presentence

Investigation Report. *Id.* Last, Camberos-Villapuda alleged that "the district court imposed a procedurally and substantively unreasonable sentence in violation of 18 U.S.C. § 3553." *Id.* at 5.

## STANDARD OF REVIEW

The court's review of a magistrate judge's report and recommendation is governed by 28 U.S.C. § 636 and Rule 72 of the Federal Rules of Civil Procedure. The court reviews de novo any objections to the magistrate judge's recommendations with respect to dispositive matters that are timely made and specific. 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b). In conducting its de novo review, this court may then "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *United States v. Craft*, 30 F.3d 1044, 1045 (8th Cir. 1994).

## DISCUSSION

### I. Ineffective Assistance of Counsel

#### A. Legal Standard

Camberos-Villapuda's first claim involves his Sixth Amendment right to effective assistance of counsel. Docket 1. In order to establish ineffective assistance of counsel, a petitioner must meet the two-pronged standard articulated by the United States Supreme Court in *Strickland v. Washington*. *See* 466 U.S. 668, 687 (1984). "First, the [petitioner] must show that counsel's performance was deficient." *Id.* This "performance prong" requires a petitioner to show that counsel's representation was deficient and "fell below an objective standard of reasonableness." *Id.* at 687-88. To show deficiency, a petitioner

must show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Ragland v. United States*, 756 F.3d 597, 599-600 (8th Cir. 2014) (quoting *Strickland*, 466 U.S. at 687). This court must assess "whether counsel's assistance was reasonable considering all the circumstances." *Strickland*, 466 U.S. at 688.

There is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.' " *Id.* at 689 (quoting *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)). "Thus, a court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Id.* at 690. Ordinarily, the Eighth Circuit Court of Appeals "consider[s] strategic decisions to be virtually unchallengeable unless they are based on deficient investigation." *Worthington v. Roper*, 631 F.3d 487, 500 (8th Cir. 2011) (quoting *Link v. Luebbers*, 469 F.3d 1197, 1204 (8th Cir. 2006)). The court "generally entrust[s] cross-examination techniques, like other matters of trial strategy, to the professional discretion of counsel." *United States v. Orr*, 636 F.3d 944, 952 (8th Cir. 2011) (quoting *United States v. Villalpando*, 259 F.3d 934, 939 (8th Cir. 2001)).

"Second, the [petitioner] must show that the deficient performance prejudiced the defense." *Strickland*, 466 U.S. at 687. This "prejudice prong"

requires the petitioner to "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* In other words, "[i]t is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding." *Id.* at 693. Thus, "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Id.* at 691.

### B. Camberos-Villapuda's Objections and New Allegations

In his original motion, Camberos-Villapuda alleged that his counsel was ineffective because "Camberos[] demonstrated that he possessed a legitimate expactation [sic] of privacy in the location searched, he never abandoned the interest of his home or expedition and/or the circumstances." Docket 1 at 4. Magistrate Judge Duffy found Camberos-Villapuda did not establish *Strickland* prejudice because the Eighth Circuit Court of Appeals set aside Camberos-Villapuda's argument—unlawful entry of the curtilage—in favor of an alternative holding that Camberos-Villapuda did not have a legitimate expectation of privacy in the home or the SUV. Docket 15 at 17. She reasoned that the curtilage issue was considered moot because "[e]ven if errors were made, the Eighth Circuit held Mr. Camberos-Villapuda had no right to complain about the errors." *Id.*

In his objections to Magistrate Judge Duffy's report and recommendation, Camberos-Villapuda states Magistrate Judge Duffy erred

because she failed to consider whether the officer's entrance into the curtilage was lawful. Docket 21 at 1. Camberos-Villapuda's objection is based on two new allegations of counsel's errors. Camberos-Villapuda alleges his counsel erred by: (1) failing to preserve an issue during the pretrial suppression hearing, and (2) failing to object to the magistrate judge's report and recommendation for his motion to suppress. *Id.* at 2.

Camberos-Villapuda argues that counsel's inaction prejudiced him in four ways: (1) it allowed the court to overlook whether law enforcement's entry into the curtilage was unlawful; (2) the record is silent as to what constitutes exigent circumstances; (3) only his expectation of privacy was analyzed; and (4) if the Fourth Amendment issue would have fully been adjudicated, then the firearm would have been suppressed and he would not have received the two-point firearm enhancement at his sentencing. *Id.* at 2, 7.

"If the defendant cannot prove prejudice, [the court] need not address whether counsel's performance was deficient." *DeRoo v. United States*, 223 F.3d 919, 925 (8th Cir. 2000). Here, Camberos-Villapuda cannot establish actual prejudice as required for an ineffective assistance of counsel claim.

First, counsel's failure to preserve the issue and to object to the motion to suppress report and recommendation did not lead the court to "overlook" the curtilage argument, as alleged by Camberos-Villapuda. Docket 21 at 2. All three courts—the Eighth Circuit, the district court, and the magistrate court—considered or analyzed Camberos-Villapuda's argument about the lawfulness of the officer's entry into the curtilage. *See Camberos-Villapuda*, 832

F.3d at 952; Cr. Docket 40 at 5-9; Cr. Docket 50; Docket 15 at 16. The Eighth Circuit considered the curtilage issue on appeal and chose not to determine the issue. *See Camberos-Villapuda*, 832 F.3d at 952.

Second, Camberos-Villapuda alleges he was prejudiced because the record is silent as to what constitutes exigent circumstances. Docket 21 at 2. But such prejudice does not exist because the record contains this analysis. In denying his motion to suppress, the district court adopted the magistrate judge's report and recommendation that held the search of the home was justified by the exigent circumstances exception. Cr. Docket 50 (adopting Cr. Docket 40). The magistrate judge listed two facts to support the application of the exigent circumstances exception. *See* Cr. Docket 40 at 10-11. Magistrate Judge Duffy also discussed the district court's analysis on this issue in her report and recommendation for Camberos-Villapuda's § 2255 case. Docket 15 at 15. Magistrate Judge Duffy did not have to provide an independent analysis of the curtilage in her report and recommendation because the Eighth Circuit had already rejected that argument in Camberos-Villapuda's appeal. *See Camberos-Villapuda*, 832 F.3d at 952.

Third, Camberos-Villapuda alleges that he was prejudiced because his claim was reviewed "under partial conclusion." Docket 21 at 2. He contends his expectation of privacy was the only argument analyzed. *Id.* The record does not support this objection. The magistrate judge discussed the curtilage issue in its report and recommendation for the motion to suppress. Cr. Docket 40 at 10-11. Also, the Eighth Circuit discussed the curtilage issue, although they did

not determine whether the officer's entry into the curtilage was lawful. *See Camberos-Villapuda*, 832 F.3d at 952. The Eighth Circuit reasoned that Camberos-Villapuda's abandonment of the property, and therefore, lack of an expectation of privacy, " 'independently legitimated' the subsequent searches." *Id.* (quoting *United States v. Liu*, 180 F.3d 957, 961 (8th Cir. 1999)).

Additionally, in her habeas report and recommendation, Magistrate Judge Duffy did not limit her analysis to Camberos-Villapuda's expectation of privacy; she also discussed his curtilage argument. *See* Docket 15 at 16-17. She stated the curtilage issue was irrelevant because the Eighth Circuit rejected that argument and made an alternative holding. *Id.* at 17. Because the Eighth Circuit based its holding on Camberos-Villapuda's lack of an expectation of privacy, Magistrate Judge Duffy reiterated the Eighth Circuit's holding that Camberos-Villapuda did not have standing to complain of any errors, like the lawfulness of the entry onto the curtilage. *Id.* Thus, the analysis by Magistrate Judge Duffy was in line with the Eighth Circuit's decision on this issue. Any additional analysis by her would have been unnecessary because the court is bound by the Eighth Circuit's decision.

Camberos-Villapuda's final alleged prejudice is that he received a two-level firearm enhancement in his advisory guideline range based on the firearm found in the vehicle. Docket 21 at 7. Camberos-Villapuda alleges that had the Fourth Amendment issue been fully adjudicated, the firearm would have been suppressed and would not have been used to enhance his sentence. *Id.* There is no actual prejudice because the two-point firearm enhancement had no

implication on Camberos-Villapuda's sentence of life imprisonment. He received a life sentence based on 21 U.S.C. § 841(b)(1)(A) that mandates a life sentence if the defendant has two or more prior convictions for felony drug offenses. Here, the government filed the required information about the two prior convictions, and at the sentencing hearing, Camberos-Villapuda admitted to them. Cr. Docket 118 at 4-5 (sentencing hearing transcript). Thus, even if the firearm was suppressed, Camberos-Villapuda cannot establish actual prejudice because there is no probability that the outcome would have been different because Camberos-Villapuda still faced a mandatory life sentence.

Additionally, Camberos-Villapuda's ineffective assistance of counsel claims are based on an issue decided on appeal by the Eighth Circuit. *See Camberos-Villapuda*, 832 F.3d at 952. Camberos-Villapuda does not expressly state what issue counsel failed to preserve or which sections of the report and recommendation counsel should have objected to, but rather refers the court to a paragraph contained in the report and recommendation where Magistrate Judge Duffy summarizes the Eighth Circuit's opinion. *See* Docket 15 at 16. The court assumes that Camberos-Villapuda seeks to challenge the same evidence in this motion, specifically, the physical evidence found in the home and vehicle. *McNeill v. United States*, 2002 WL 1764000, at *3 (D. Minn. July 26, 2002) (citing *English v. United States*, 998 F.2d 609, 613 (8th Cir. 1993)). In its opinion, the Eighth Circuit adopted part of the district court's analysis and upheld the admission of the evidence and set aside Camberos-Villapuda's curtilage argument. *Camberos-Villapuda*, 832 F.3d at 952. Because this issue

9

has already been addressed on direct appeal, it cannot be raised again in this motion. *Sun Bear v. United States*, 644 F.3d 700, 702 (8th Cir. 2011) (stating § 2255 cannot be used to relitigate matters decided on direct appeal).

Overall, all of Camberos-Villapuda's objections and allegations pertain to the Fourth Amendment issue that was decided by the Eighth Circuit. Additionally, because Camberos-Villapuda cannot show actual prejudice, he is not able to establish a claim for ineffective assistance of counsel. Thus, the court overrules Camberos-Villapuda's objections. His ineffective assistance of counsel claim is dismissed.

## II.    Fourth Amendment Argument

Camberos-Villapuda objects to Magistrate Judge Duffy's report and recommendation as it pertains to the Fourth Amendment issue. Camberos-Villapuda argues that the issue about the warrantless entry into the curtilage under the exigent circumstances exception was not fully adjudicated. Docket 21 at 2. Camberos-Villapuda makes two objections to the report and recommendation. First, Camberos-Villapuda alleges the Eighth Circuit failed to provide what facts constituted exigent circumstances. *Id.* at 2-3. Second, Camberos-Villapuda alleges Magistrate Judge Duffy failed to consider whether the officers' entry onto the curtilage was lawful under *Collins v. Virginia*, 138 S. Ct. 1663 (2018). *Id.* at 1-2.

### A. Legal Standard

A § 2255 motion is the "statutory analogue of habeas corpus for persons in federal custody." *Poor Thunder v. United States*, 810 F.2d 817, 821 (8th Cir.

1987). A federal prisoner may seek relief from his sentence on the grounds that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack[.]" 28 U.S.C. § 2255; *see also Hill v. United States*, 368 U.S. 424, 426-27 (1962). Relief may be granted under § 2255 only for "transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and, if uncorrected, would result in a complete miscarriage of justice." *Walking Eagle v. United States*, 742 F.3d 1079, 1082-83 (8th Cir. 2014) (internal quotation omitted).

"With rare exceptions, § 2255 may not be used to relitigate matters decided on direct appeal." *Sun Bear*, 644 F.3d at 702. One of these rare exceptions is when the error constitutes a "a fundamental defect which inherently results in a complete miscarriage of justice[.]" *Davis v. United States*, 417 U.S. 333, 346 (1974) (quoting *Hill*, 368 U.S. at 428). Another exception exists when the petitioner provides convincing new evidence of actual innocence. *United States v. Wiley*, 245 F.3d 750, 752 (8th Cir. 2001).

**B. Eighth Circuit Opinion**

In his objections to Magistrate Judge Duffy's report and recommendation, Camberos-Villapuda argues the Eighth Circuit erred in its opinion because the court did not state what constituted exigent circumstances. Docket 21 at 2. Camberos-Villapuda discusses a section of the Eighth Circuit's opinion where the court summarizes the district court's

holding. *See Camberos-Villapuda*, 832 F.3d at 951. Camberos-Villapuda states the Eighth Circuit was silent on whether the officers' actions were permissible under the Fourth Amendment. Docket 21 at 3. He states that Magistrate Judge Duffy "admitted" that the Eighth Circuit did not apply a test or address the curtilage argument. *Id.* at 6.

Camberos-Villapuda is correct that the Eighth Circuit did not determine whether the entry of the curtilage was lawful. *See Camberos-Villapuda*, 832 F.3d at 952. Instead, the Eighth Circuit affirmed the district court's denial of Camberos-Villapuda's motion to suppress based on Camberos-Villapuda's abandonment of the house and vehicle and concluded he had no expectation of privacy. *Id.* (citing *Liu*, 180 F.3d at 960 ("When a person abandons his [property], his expectation of privacy in the property is so eroded that he no longer has standing to challenge a search of the luggage on Fourth Amendment grounds.")).

Camberos-Villapuda is arguing that the Eighth Circuit erred in its opinion. Camberos-Villapuda's alleged error is an error this court cannot correct. If Camberos-Villapuda did not like the outcome of his appeal to the Eighth Circuit, he could have asked the Supreme Court of the United States to grant a petition for review by writ of certiorari. The court overrules this objection.

### C. Magistrate Judge's Report and Recommendation

Camberos-Villapuda objects to Magistrate Judge Duffy's discussion on the Fourth Amendment issue, specifically the entry of the curtilage. Docket 21

at 1-4. He makes three objections to the report and recommendation. First, he contends that Magistrate Judge Duffy erred when she did not identify what constituted exigent circumstances. Docket 21 at 2. Second, he contends that Magistrate Judge Duffy failed to consider whether the officers' entry into the curtilage was lawful under *Collins v. Virginia*, 138 S. Ct. 1663 (2018). *Id.* at 1. Third, he contends that Magistrate Judge Duffy erroneously used "after-the-facts" events to justify the entry of the curtilage under the exigent circumstances exception. *Id.* at 4.

When the court looks at all of Camberos-Villapuda's objections, the court views them as an attempt by Camberos-Villapuda to have the court readdress the Fourth Amendment issue that was raised and decided on Camberos-Villapuda's direct appeal to the Eighth Circuit. *See Camberos-Villapuda*, 832 F.3d at 952. All three of these objections relate to the curtilage entry issue, the exact issue the Eighth Circuit specifically stated it would not determine. *See id.* ("But we need not determine whether the entry was lawful[.]"). Instead, the Eighth Circuit based its decision on the holding that Camberos-Villapuda's disavowal of any interest in the property, legitimized any subsequent searches. *Id.* Because his claims were already raised on direct appeal, they cannot be reasserted in his § 2255 petition. *Wiley*, 245 F.3d at 752; *United States v. McGee*, 201 F.3d 1022, 1023 (8th Cir. 2000).

The Eighth Circuit's holding had a "trickle down" effect. Magistrate Judge Duffy's report and recommendation encompasses that decision; her statement that the curtilage argument was moot is in line with the Eighth Circuit's setting

13

aside of the argument. Therefore, all these objections to the report and recommendation, as it relates to the curtilage issue, are really an attack on the Eighth Circuit's decision. Camberos-Villapuda cannot use his § 2255 motion as a brief to provide new arguments to address the curtilage issue or as an appeal of the Eighth Circuit's decision.

Additionally, Camberos-Villapuda cannot overcome the procedural bar because neither of the two exceptions are applicable. First, Camberos-Villapuda's "constitutional claim is not so different from other constitutional claims that the miscarriage-of-justice exception to the finality rule ought to be extended to him." *Wiley*, 245 F.3d at 752. Second, Camberos-Villapuda has presented no new evidence that he is actually innocent. *See id.* Thus, this claim is procedurally barred.

Even if this claim was not barred, it would fail on the merits. His first objection to the report and recommendation is that Magistrate Judge Duffy did not consider the curtilage issue. But, as discussed in greater detailed above, Magistrate Judge Duffy considered and discussed the curtilage issue as it related to the ineffective assistance of counsel claim. Docket 15 at 15-17. Magistrate Judge Duffy did not have to provide a detailed analysis on whether exigent circumstances justified the entry of the curtilage because the Eighth Circuit had already set aside that argument. *See Camberos-Villapuda*, 832 F.3d at 952. The court overrules this objection.

Camberos-Villapuda's second objection alleges that Magistrate Judge Duffy erred when she did not analyze the curtilage issue under *Collins v.*

14

*Virginia*, 138 S. Ct. 1663 (2018). Docket 21 at 1. In his objections, Camberos-Villapuda discusses how *Collins* controls the search conducted in this case. *Id.* at 5-6. A petitioner may be entitled to a new hearing on his § 2255 motion, even when a "prior determination was made on direct appeal from the applicant's conviction . . . 'if new law has been made . . . since the trial and appeal.' " *Davis*, 417 U.S. at 342 (quoting *Kaufman v. United States*, 394 U.S. 217, 230 (1969)).

Here, Camberos-Villapuda's reliance on *Collins* is misplaced. In *Collins*, the Supreme Court of the United States held "that the automobile exception does not permit an officer without a warrant to enter a home or its curtilage in order to search a vehicle therein." *Collins*, 138 S. Ct. at 1675. Though "new law," *Collins* is distinguishable from the present case. Here, the Eighth Circuit's decision was based on abandonment of property and expectation of privacy, not the automobile exception. Thus, *Collins* does not control. *See Reddest v. United States*, No. 5:14-CV-05077-KES, 2015 WL 5577197, at *5 (D.S.D. Sept. 22, 2015) (holding the petitioner's "new law" dealt with a restitution issue that had no relevance to any of the petitioner's complaints); *Chantharath v. United States*, No. 4:13-CV-04117-KES, 2014 WL 6680660, at *4 (D.S.D. Nov. 25, 2014) (holding the petitioner's claim was procedurally defaulted and "based solely on legal authority that does not apply to his situation and consequently would not entitle him to relief."). Overall, Magistrate Judge Duffy did not err when she did not discuss *Collins* in her report and recommendation. The court overrules Camberos-Villapuda's objection.

Third, Camberos-Villapuda objects to the report and recommendation because he argues that "after the facts" events were erroneously used to justify the exigent circumstances exception. Docket 21 at 4. Camberos-Villapuda argues the court improperly used the officer's initial observations and the knock and talk exception, and therefore, the exigent circumstance exception cannot apply here. *Id.* Camberos-Villapuda attempts to attribute this alleged error to Magistrate Judge Duffy's report and recommendation; however, the section cited by Camberos-Villapuda is Magistrate Judge Duffy's summary of the district court's holding in its motion to suppress order. Docket 21 at 4 (citing Docket 15 at 15). The court construes this objection to be an alleged error of the district court's opinion when it denied Camberos-Villapuda's motion to suppress (Cr. Docket 40). In her report and recommendation, Magistrate Judge Duffy did not provide an analysis of the exigent circumstances except in her summary of the district court's holding. Nor did she provide any case law to bolster the district court's original motion to suppress holding that was based on the exigent circumstances. *See* Docket 15 at 16-19, 22. The court overrules this objection.

Overall, all of Camberos-Villapuda's Fourth Amendment claims are procedurally barred as they were raised and decided on a direct appeal. Camberos-Villapuda's objections are overruled.

## III.    Firearm Enhancement

In his objections to the report and recommendation, Camberos-Villapuda included a new complaint. He contends that he should not have received a two-

level increase to his base offense level during sentencing for the firearm found in the vehicle. Docket 21 at 7-8 (referencing Cr. Docket 96 at 11). In his presentence investigation report (PSR) (Cr. Docket 96), Camberos-Villapuda received a two-level increase to his base offense under the "Specific Offense Characteristic" section. (*Id.* ¶ 39). The PSR stated the two-level increase was applied because law enforcement located a .380 handgun in the vehicle on which Camberos-Villapuda was working. *Id.* (citing U.S.S.G. § 2D1.1(b)(1)).

Camberos-Villapuda alleges that the district court erroneously applied a preponderance of the evidence standard in finding the firearm was found in the vehicle. Docket 21 at 8. He states an *Alleyne* issue should have been raised, but was not, because the firearm's presence was a fact that increased the penalty of the crime beyond the "mandatory minimum" and needed to be submitted to the jury. *Id.* at 7-8 (citing *Alleyne v. United States*, 570 U.S. 99, 111-12 (2013)).

"A § 2255 petition is not a second direct appeal and issues raised for the first time in a § 2255 petition are procedurally defaulted." *Meeks v. United States*, 742 F.3d 841, 844 (8th Cir. 2014). When a petitioner asserts a claim that is procedurally defaulted, the claim can only proceed if the petitioner can show either that the procedural default should be excused because (1) there was both cause for the default and actual prejudice to the petitioner or (2) because the petitioner can show actual innocence. *McNeal v. United States*, 249 F.3d 747, 749 (8th Cir. 2001) (citing *Bousley v. United States*, 523 U.S. 614, 622 (1998)).

Camberos-Villapuda already appealed the constitutionality of his life sentence under the Eighth Amendment. *Camberos-Villapuda*, 832 F.3d at 952-53. The Eighth Circuit upheld his sentence as constitutional. *Id.* On appeal, Camberos-Villapuda did not make an *Alleyne* argument. Because he failed to raise this issue on direct appeal, his complaint is procedurally defaulted. *See Auman v. United States*, 67 F.3d 157, 160-61 (8th Cir. 1995); *Melendez-Rocha v. United States*, No. 4:13-CV-04102-LLP, 2014 WL 10968207, at *10 (D.S.D. Nov. 24, 2014), report and recommendation adopted, 2016 WL 67694 (D.S.D. Jan. 5, 2016).

Also, Camberos-Villapuda cannot overcome the procedural default because neither of the exceptions apply. Camberos-Villapuda has not alleged actual innocence in his motion or objections. *See* Dockets 1, 21. As to the other exception, Camberos-Villapuda alleges that there is cause for the default and actual prejudice. Docket 21 at 7. He states he "could should [sic] have, but fail [sic] to raise an Alleyne [sic] issue." *Id.* The court, however, does not find any prejudice occurred as there was no *Alleyne* violation. *Alleyne* is not applicable to Camberos-Villapuda's sentence because the firearm enhancement did not increase his sentence's maximum or minimum. As discussed in the ineffective assistance of counsel analysis, the two-point firearm enhancement had no impact on Camberos-Villapuda's sentencing. He was already facing a mandatory life sentence based on his two prior convictions. Because Camberos-Villapuda cannot show actual innocence or cause and prejudice, the court finds that Camberos-Villapuda's claim is procedurally defaulted.

Even if his claim was not procedurally defaulted, it would still fail on its merits. "A district court can 'take account of factual matters not determined by a jury and . . . increase the sentence in consequence.'" *United States v. Cordy*, 560 F.3d 808, 817 (8th Cir. 2009) (quoting *Rita v. United States*, 551 U.S. 338, 352 (2007)). For example, "[a] district court can give a two-level sentence enhancement if it finds, by a preponderance of the evidence, that the defendant possessed or used a weapon during the commission of an offense." *United States v. Fladten*, 230 F.3d 1083, 1086 (8th Cir. 2000) (citing U.S.S.G. § 2D1.1(b)(1)). But if a fact, other than a prior conviction, raises the statutory minimum and maximum penalty, it must be proven by a jury beyond a reasonable doubt. *Alleyne*, 570 U.S. at 111-12 (citing *Apprendi v. New Jersey*, 530 U.S. 466, 484, 490 (2000)).

Here, the district court properly used the preponderance of the evidence standard in determining the presence of the firearm because the firearm did not increase the minimum or maximum sentence. Then, based on that finding, the court correctly gave Camberos-Villapuda a two-level increase under the advisory Sentencing Guidelines. U.S.S.G. § 2D1.1(b)(1). As noted above, there was no *Alleyne* violation because the firearm's presence did not increase the statutory minimum or maximum penalty Camberos-Villapuda faced, as he was already facing a mandatory life sentence.

There are two facts that increased Camberos-Villapuda's sentence. First, the quantity of methamphetamine increased his mandatory minimum; it was submitted to the jury and proven beyond a reasonable doubt. *See* Cr. Docket

19

80 (jury verdict) (finding 500 grams or more of a mixture or substance containing methamphetamine was involved in the conspiracy). Second, his two prior convictions increased his sentence to a mandatory life imprisonment. 21 U.S.C. § 841(b)(1)(A). *See Alleyne* and *Apprendi* do not require that prior convictions be submitted to the jury. *Alleyne*, 570 U.S. at 111-12; *Apprendi*, 530 U.S. at 490. Based on the information filed by the government, Camberos-Villapuda admitted to the two prior convictions of felony drug offenses at his sentencing hearing. Cr. Docket 58; Cr. Docket 118 at 4-5; 21 U.S.C. § 851(a). Thus, there was no *Alleyne* violation by the district court. The court dismisses Camberos-Villapuda's claim that the district court violated his constitutional rights when it applied the firearm enhancement.

## IV.    **Evidentiary Hearing**

A court must order an evidentiary hearing "[u]nless the motion and files and records of the case conclusively show that the [petitioner] is entitled to no relief[.]" 28 U.S.C. § 2255(b); *see also Thomas v. United States*, 737 F.3d 1202, 1206 (8th Cir. 2013) ("Evidentiary hearings . . . are preferred, and the general rule is that a hearing is necessary prior to the motion's disposition if a factual dispute exists."). Affidavits of a petitioner's trial counsel can be included as part of the files and records of the case. *Thomas*, 737 F.3d at 1207. But a petition may be denied without a hearing if "(1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record,

inherently incredible, or conclusions rather than statements of fact." *Engelen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995) (citations omitted).

The government contends that Camberos-Villapuda's petition should be dismissed without first holding a hearing. Docket 9 at 14. Camberos-Villapuda disagrees. Docket 21 at 9. The court finds that it can dismiss Camberos-Villapuda's petition without a hearing because Camberos-Villapuda's allegations, even if accepted as true, would not entitle him to relief. Here, the "files and records . . . conclusively show that [Camberos-Villapuda] is entitled to no relief" for his claims. 28 U.S.C. § 2255(b). Thus, because the file and records of this case conclusively show that Camberos-Villapuda is not entitled to § 2255 relief, the request for an evidentiary hearing is denied.

## CERTIFICATE OF APPEALABILITY

When a district court denies a petitioner's § 2255 motion, the petitioner must first obtain a certificate of appealability before an appeal of that denial may be entertained. *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). This certificate may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(2). A "substantial showing" is one that demonstrates "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Stated differently, "[a] substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997). Camberos-Villapuda has not made a

21

substantial showing that his claims are debatable among reasonable jurists, that another court could resolve the issues raised in his claims differently, or that a question raised by his claims deserves additional proceedings. Thus, a certificate of appealability is not issued.

## CONCLUSION

Thus, it is ORDERED

1. Camberos-Villapuda's objections to the report and recommendation (Docket 21) are overruled.

2. The report and recommendation (Docket 15) is adopted in full as supplemented herein.

3. Respondent's motion to dismiss (Docket 8) is granted.

4. Camberos-Villapuda's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 (Docket 1) is dismissed without an evidentiary hearing.

5. The court's previous order (Docket 19) and judgment (Docket 20) are replaced by this order and accompanying judgment.

6. A certificate of appealability is denied.

DATED May 7, 2019.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE